MARK V. B. PARTRIDGE  [*Pro Hac Vice* to be filed]
mark@partridgeiplaw.com
COLIN T.J. O'BRIEN  [*Pro Hac Vice* to be filed]
colin@partridgeiplaw.com
PARTRIDGE IP LAW, P.C
321 North Clark, Suite 720
Chicago, Illinois 60654
Telephone: (312) 634-9500
Facsimile:  312-275-7503

PAUL D. SUPNIK [SBN 52842]
paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: 310-859-0100
Facsimile: 310-388-5645

Attorneys for Plaintiff
AMERICAN TRAVEL SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT COURT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| AMERICAN TRAVEL SOLUTIONS, LLC a Limited Liability Company,<br><br>     Plaintiff,<br><br>   v.<br><br>FAREPORTAL, INC. a Corporation,<br><br>     Defendant.<br>_____ | Civil Action No:<br><br>COMPLAINT FOR:<br>   (1) CYBERSQUATTING<br>       15 USC 1125(d)<br>   (2) TRADEMARK INFRINGEMENT<br>       15 USC 1114<br>   (3) UNFAIR COMPETITION<br>       15 USC 1125(a)<br>   (4) TRADEMARK CANCELATION<br>       15 USC 1064(c)<br>   (5) CALIFORNIA UNFAIR<br>       COMPETITION 17200 CAL.<br>       BUS. AND PROF. CODE<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

Plaintiff American Travel Solutions, LLC ("AmTrav"), for its Complaint against Defendant Fareportal, Inc. ("Fareportal") states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction by virtue of the fact that this is a civil action: (i) under the Lanham Act (15 U.S.C. §§ 1051-1141), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (ii) in which the parties are citizens of different states and the value of the matters in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred under 28 U.S.C. § 1332(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, American Travel Solutions, LLC, is a Delaware Limited Liability Company with its principal place of business at 26707 Agoura Rd Suite 204, Calabasas, California 91302-3831 (referred to hereafter as "AmTrav").

4. Defendant, Fareportal, Inc. is a New York corporation with a principal place of business at 213 West 35th Street, Suite 1201, New York, New York, 10001 (referred to hereafter as "Fareportal").

5. Fareportal is doing business in California through the sale of travel fares to customers located in California and through an interactive Internet website, <www.cheapoair.com>.

## FACTUAL ALLEGATIONS

6. Since 1989, AmTrav has been a leading aggregator of airline fares and travel discounts.

7. For many years and long prior to the acts of Defendant alleged in this Complaint, AmTrav has used the distinctive names and service marks

2

CHEAPAIR and CHEAPAIR.COM in connection with its online travel business throughout the United States and abroad.

8. The CHEAPAIR mark has been prominently displayed as the name of AmTrav's travel business since 1994.

9. The CHEAPAIR.COM mark has been prominently displayed as the name of AmTrav's travel business since 2003.

10. AmTrav owns the federal service mark registration for CHEAPAIR Reg. No. 2,890,981, in Class 39 for "travel agency services, namely making reservations and bookings for airplane transportation, car rentals and arranging cruises," with the mark's date of first use and first use in commerce on February 1, 1994, and registration issued on October 5, 2004. A copy of the Registration certificate for this mark is attached as Exhibit A. The CHEAPAIR mark is valid and subsisting, and in accordance with §1057(b) of the Lanham Act, is *prima facie* evidence of AmTrav's ownership of the mark, the validity of the mark, and its exclusive right to use the mark in connection with the above identified services. Further, the CHEAPAIR mark as been held incontestable in accordance with 15 U.S.C. § 1065 of the Lanham Act, which constitutes conclusive evidence of the validity of the CHEAPAIR mark and registration and AmTrav's exclusive right to use the registered mark in commerce.

11. AmTrav owns the federal service mark registration for CHEAPAIR.COM, Reg. No. 3,813,293, in Class 39 for "travel agency services, namely making reservations and bookings for airplane transportation, car rentals and arranging cruises" and in Class 43 "travel agency services, namely, making hotel reservations for others" with the mark's date of first use and first use in commerce on September 1, 2003, and registration issued on July 6, 2010. A copy of the Registration certificate for this mark is attached as Exhibit B. The CHEAPAIR.COM is valid and subsisting, and in accordance with section 1057(b) of the Lanham Act, is *prima facie* evidence of AmTrav's ownership of the mark,

the validity of the mark, and its exclusive right to use the mark in connection with the above identified services.

12. AmTrav has sold many millions of dollars worth of airfare and other travel services using the CHEAPAIR and CHEAPAIR.COM marks, and AmTrav has spent hundreds of thousands of dollars to promote and distribute materials bearing that mark throughout the United States and abroad.

13. By virtue of its use for over 19 years, AmTrav owns valuable trademark rights in its CHEAPAIR mark as both its trade name and domain name.

14. As a result of AmTrav's long use, advertising and promotion, the CHEAPAIR and CHEAPAIR.COM marks are strongly associated with AmTrav and represent an extremely valuable goodwill owned by AmTrav throughout the United States and abroad.

15. Defendant is in the online travel business, offering, among other things, discounted airline tickets on its web site located at <www.cheapoair.com>.

16. AmTrav and Fareportal are direct competitors.

17. On July 5, 2012, long subsequent to AmTrav's adoption and use of the CHEAPAIR and CHEAPAIR.COM marks, Fareportal registered the Internet domain name, <www.cheapair.us>, and subsequently began using that domain name in commerce to direct users to its <cheapoair.com> website.

18. On information and belief, Defendant is deliberately using the domain name <www.cheapair.us> to attract and divert Internet users to Defendant's web site for the purpose of commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with AmTrav and its CHEAPAIR and CHEAPAIR.COM marks.

19. On September 29, 2011, long subsequent to AmTrav's adoption and use of the CHEAPAIR and CHEAPAIR.COM marks, Fareportal's agent Mohammad Zunaid on behalf of Fareportal registered the domain name,

<www.cheapair.mx>, and subsequently began using that domain name in commerce to direct users to its <cheapoair.com> website.

20.     On information and belief, Defendant is deliberately using the domain name <www.cheapair.mx> to attract and divert Internet users to Defendant's web site for the purpose of commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with AmTrav and its CHEAPAIR and CHEAPAIR.COM marks.

21.     On August 25, 2008, long subsequent to AmTrav's adoption and use of the CHEAPAIR and CHEAPAIR.COM marks, Fareportal registered the Internet domain name, <www.cheapaircruise.com>, and subsequently began using that domain name in commerce to direct users to its <cheapoair.com> website.

22.     On information and belief, Defendant is deliberately using the domain name <www.cheapaircruise.com> to attract and divert Internet users to Defendant's web site for the purpose of commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with AmTrav and its CHEAPAIR and CHEAPAIR.COM marks.

23.     On August 25, 2008, long subsequent to AmTrav's adoption and use of the CHEAPAIR and CHEAPAIR.COM marks, Fareportal registered the Internet domain name, <www.cheapaircruises.com>, and subsequently began using that domain name in commerce to direct users to its <cheapoair.com> website.

24.     On information and belief, Defendant is deliberately using the domain name <www.cheapaircruises.com> to attract and divert Internet users to Defendant's' web site for the purpose of commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with AmTrav and its CHEAPAIR and CHEAPAIR.COM marks.

25. On December 30, 2008, long subsequent to AmTrav's adoption and use of the CHEAPAIR and CHEAPAIR.COM marks, Fareportal registered the Internet domain name, <www.cheapairhotels.com>, and subsequently began using that domain name in commerce to direct users to its <cheapoair.com> website.

26. On information and belief, Defendant is deliberately using the domain name <www.cheapairhotels.com> to attract and divert Internet users to Defendant's web site for the purpose of commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with AmTrav and its CHEAPAIR and CHEAPAIR.COM marks.

27. On August 21, 2008, long subsequent to AmTrav's adoption and use of the CHEAPAIR and CHEAPAIR.COM marks, Fareportal registered the Internet domain name, <www.cheapairvacation.com>, and subsequently began using that domain name in commerce to direct users to its <cheapoair.com> website.

28. On information and belief, Defendant is deliberately using the domain name <www.cheapairvacation.com> to attract and divert Internet users to Defendant's website for the purpose of commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with AmTrav and its CHEAPAIR and CHEAPAIR.COM marks.

29. Defendant attempted to register with the United States Patent and Trademark Office ("USPTO") the service mark "CHEAPOAIR.COM", Ser. No. 85/566,395, in an application dated March 12, 2012 in Class 39 for "providing an on-line computer database in the field of travel information services; travel and tour information service; travel and tour ticket reservation service; travel services, namely, providing fare and rate information for transportation bookings and reservations for flights, car rentals, cruises, rail travel, and tours via computer; and providing travel information and news via computer" and in Class 43 for

6

1  "providing travel lodging information services and travel lodging booking agency
2  services for travelers."  In its registration application, Defendant reported the date
3  of first use and first use in commerce of the CHEAPOAIR.COM mark was July
4  1, 2005.

5        30.      On March 9, 2012, Sam Jain, the President and CEO of Fareportal
6  signed a declaration in connection with Fareportal's application to register
7  CHEAPOAIR.COM.  In his declaration, Mr. Jain stated "to the best of his
8  knowledge and belief, no other person, firm, corporation or association has the
9  right to use said mark in interstates commerce either in the identical form thereof,
10  *or in such near resemblance thereto as to be likely, when applied to the goods*
11  *and/or services of such other person, to cause confusion, or to cause mistake, or*
12  *to deceive*" (emphasis added).  Mr. Jain's statement was untruthful given that
13  AmTrav's services had been available to the public under the CHEAPAIR Mark
14  since 1994 and had a trademark registration dating from 2004 and upon
15  information and belief Mr. Jain was aware of that information.  Further, the Patent
16  and Trademark Office explicitly told Fareportal's predecessor in interest, Jen NY
17  Corporation, there was a likelihood of confusion with AmTrav's CHEAPAIR
18  mark when it attempted to register CHEAPOAIR.COM in 2005.  See the Office
19  Action issued from the Patent and Trademark Office on April 30, 2006attached
20  Exhibit C.

21        31.      Plaintiff is currently opposing this application in proceeding
22  number 91209148 with the United States Patent and Trademark Office's Trial and
23  Appeal Board

24        32.      Defendant has attempted to register with the United States Patent
25  and Trademark Office ("USPTO") the service mark
26  "WWW.CHEAPOAIR.COM", Ser. No. 85/564,451, in an application dated
27  March 8, 2012 for Class 39 for "providing an on-line computer database in the
28  field of travel information services; travel and tour information service; travel and

7

tour ticket reservation service; travel services, namely, providing fare and rate information for transportation bookings and reservations for flights, car rentals, cruises, rail travel, and tours via computer; and providing travel information and news via computer" and Class 43 for "providing travel lodging information services and travel lodging booking agency services for travelers." In its registration application, Defendant reported that the date of first use and first use in commerce of the WWW.CHEAPOAIR.COM mark was July 1, 2005.

33. Plaintiff is currently opposing this application at the United States Patent and Trademark Office Trial and Appeal Board under opposition number 91208345.

34. Defendant registered with the United States Patent and Trademark Office the services mark "CHEAPOAIR" Reg. No. 3,576,166 for "advertising services for travel services, namely, promoting the goods, services, brand identity and commercial information and news of travel and travel related companies on the Internet" in Class 35; "providing an on-line computer database in the field of travel information services; travel and tour information service; travel and tour ticket reservation service; travel services, namely, providing fare and rate information for transportation bookings and reservations for flights, car rentals, cruises, rail travel, and tours via computer; providing travel information and news via computer; providing links to websites of others featuring travel" in Class 39 and for "providing travel lodging information services and travel lodging booking agency services for travelers" in Class 43. In its application Defendant claimed the date of first use and first use in commerce of the CHEAPOAIR was July 1, 2005.

35. On information and belief, Defendant was aware of AmTrav when it applied for its CHEAPOAIR mark on September 12, 2008.

36. On September 11, 2008, Sam Jain signed a declaration in connection with Fareportal's application to register CHEAPOAIR. In his

8

declaration, Mr. Jain stated "to the best of his knowledge and belief, no other person, firm, corporation or association has the right to use said mark in interstates commerce either in the identical form thereof, *or in such near resemblance thereto as to be likely, when applied to the goods and/or services of such other person, to cause confusion, or to cause mistake, or to deceive*" (emphasis added). Mr. Jain's statement was untruthful given that AmTrav's services had been available to the public under the CHEAPAIR Mark since 1994 and had a trademark registration dating from 2004 and he was told by the Patent and Trademark Office of the likelihood of confusion in 2006.

37. On information and belief, Defendant has purchased keywords comprised, in whole or in part, of the CHEAPAIR and CHEAPAIR.COM marks.

38. On information and belief, Defendant's purchase of keywords comprised, in whole or in part, of the CHEAPAIR and CHEAPAIR.COM marks is done to divert traffic from AmTrav's website to Fareportal's <cheapoair.com> website.

39. On information and belief, Defendant's use of Cheapoair and Cheapoair.com has caused confusion in the marketplace and directly infringes the rights AmTrav has in its CHEAPAIR and CHEAPAIR.COM registered marks.

40. AmTrav's use of CHEAPAIR predates any use by Fareportal of Cheapoair.

41. Defendant's acts are greatly and irreparably damaging to AmTrav and will continue to damage AmTrav until enjoined by this Court; wherefore, AmTrav is without adequate remedy at law.

## COUNT I - CYBERSQUATTING

42. AmTrav re-alleges paragraphs 1 through 41, as if fully set forth herein.

9

43. On information and belief, Defendant or its agents registered and is using the following infringing domain names <cheapair.mx>, <cheapair.us>, <cheapaircruise.com>, <cheapaircruises.com>, <cheapairhotels.com> and <cheapairvacation.com> (hereinafter "Infringing Domain Names") with the bad faith intent to profit from their confusing similarity to AmTrav's CHEAPAIR and CHEAPAIR.COM marks.

44. Defendant's registration and use of the Infringing Domain Names constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## COUNT II - TRADEMARK INFRINGEMENT

45. AmTrav re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. Defendant's registration and use of the Infringing Domain Names <cheapair.mx>, <cheapair.us>, <cheapaircruise.com>, <cheapaircruises.com>, <cheapairhotels.com> and <cheapairvacation.com> to direct users to the <cheapoair.com> website has in fact, caused and is likely to continue to cause confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendant's services in that purchasers and others are likely to believe AmTrav authorizes or controls Defendant's website and services or that Defendant is associated with or related to AmTrav.

47. Defendant's use and registration of the Infringing Domain Names constitute trademark infringement in violation of the trademark Laws of the United States, including Lanham Act, 15 U.S.C. § 1114.

48. On information and belief, Defendant's wrongful use of the Infringing Domain Names and wrongful registration of the domain names are deliberate, intentional and willful attempts to injure AmTrav and its business, to trade on AmTrav's business reputation, and to confuse or deceive purchasers.

## COUNT III - UNFAIR COMPETITION

49. AmTrav re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. Defendant's use of the name use of the infringing domain names <cheapair.mx>, <cheapair.us>, <cheapaircruise.com>, <cheapaircruises.com>, <cheapairhotels.com> and <cheapairvacation.com> to direct users to the <cheapoair.com> website constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and the laws of the various states, including California.

## COUNT IV - FRAUD UPON THE PATENT AND TRADEMARK OFFICE

51. AmTrav re-alleges paragraphs 1 through 50, as if fully set forth herein.

52. The CHEAPOAIR Mark as shown in Registration Number 3,576,166 was fraudulently obtained by Fareportal when its President and CEO falsely stated he was not aware of any other uses of marks confusingly similar to CHEAPOAIR at the time of the application.

53. Fareportal's CHEAPOAIR registration creates a likelihood of confusion with AmTrav's CHEAPAIR Mark.

54. Fareportal's registration of CHEAPOAIR damages AmTrav.

55. Fareportal's conduct is grounds for cancelation of its trademark registration pursuant to 15 U.S.C. § 1064(3).

## COUNT V – CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

56. AmTrav re-alleges paragraphs 1 through 55, as if fully set forth herein.

57. The foregoing acts of infringement and unfair competition violate Section 17200 of the California Business and Professions Code.

58. AmTrav is entitled to an injunction against further infringement and unfair competition.

59. AmTrav is entitled to restitutionary relief according to proof.

**WHEREFORE**, AmTrav demands the following relief:

1. That Defendant, and all persons acting in concert or participating with it, be preliminarily and permanently enjoined from:

   (a) using <cheapair.mx>, <cheapair.us>, <cheapaircruise.com>, <cheapaircruises.com>, <cheapairhotels.com> and <cheapairvacation.com> as trademarks or domain names;

   (b) registering or maintaining any registration of any domain name or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the CHEAPAIR or CHEAPAIR.COM marks or any other AmTrav trademarks;

   (c) using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the CHEAPAIR mark or any other AmTrav trademark in any buried code, metatags, search terms, keywords, key terms, hits generating pages, or any other devices used, intended, or likely to cause any web site or web sites of Defendant to be listed by any Internet search engines in response to any searches that include any terms identical with or confusingly similar to the CHEAPAIR or CHEAPAIR.COM mark;

   (d) using the marks CHEAPOAIR and CHEAPOAIR.COM;

  (e)  otherwise infringing AmTrav's trademarks;

  (f)  making any description or representation stating or implying that AmTrav's goods or services, domain names, or web site is in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with Defendant;

  (g)  any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of Defendant's domain name, Defendant's web sites, products or services, with AmTrav.

2.  That Defendant be ordered to disclose to the Court and AmTrav all other domain name registrations and trademark registrations owned by Defendant or its agents in order to permit the Court and AmTrav to consider whether any such other registrations should be subject to relief in this matter.

3.  That Defendant and all persons acting in concert or participating in conjunction with them, be ordered to transfer their registrations in <cheapair.mx>, <cheapair.us>, <cheapaircruise.com>, <cheapaircruises.com>, <cheapairhotels.com> and <cheapairvacation.com>; and any other registrations as may be determined by the Court as appropriate herein for relief. (15 U.S.C. § 1125(d)(1)(C).)

4.  That Defendant be ordered to pay statutory damages in the amount of $600,000 ($100,000 per domain name). (15 U.S.C. § 1117(d).)

5.  That this Court order the cancellation of trademark registration number 3,576,166 pursuant to 15 U.S.C. § 1064(3).

6.  That Defendant be ordered to account for and to pay AmTrav all profits realized by Defendant by reason of its unlawful acts as set forth in this Complaint. (15 U.S.C. §§ 1117(a).)

7. That the Court award AmTrav three times the damages suffered as a result of the intentional, unlawful acts of Defendant as set forth in this Complaint. (15 U.S.C. §§ 1117(a).)

8. That Defendant be ordered to pay AmTrav punitive or exemplary damages as provided by law.

9. That Defendant be required to file with this Court and serve on the undersigned counsel for AmTrav within thirty (30) days after the entry of judgment a written report under oath setting forth in detail the manner in which Defendant has complied with the injunction ordered by this Court. (15 U.S.C § 1116.)

10. That Defendant be ordered to pay to AmTrav the costs of this action and reasonable attorneys' fees. (15 U.S.C. §§ 1117(a).)

11. That AmTrav shall have such other relief as this Court may deem just and proper.

                                        MARK V. B. PARTRIDGE
                                      COLIN T.J. O'BRIEN
                                      PARTRIDGE IP LAW, P.C.

                                      PAUL D. SUPNIK

Dated: March 13, 2014           By: s/Colin T.J. O'Brien
                                      COLIN T.J. O'BRIEN
                                      Attorneys for Plaintiff
                                      American Travel Solutions, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

                              MARK V. B. PARTRIDGE
                              COLIN T.J. O'BRIEN
                              PARTRIDGE IP LAW, P.C.

                              PAUL D. SUPNIK

Dated: March 13, 2014          By: s/Colin T.J. O'Brien
                              COLIN T.J. O'BRIEN
                              Attorneys for Plaintiff
                              American Travel Solutions, Inc.